UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH DAVIS JR. and CLEVE DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN K. MERCIER, DAVID BOLLINGER, and TIMOTHY GARDNER,<br><br>Defendants. | Case No. 4:24-cv-00160-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the United States' Motion to Dismiss (Dkt. 9). This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). For the reasons set forth below the Court will grant the motion.

## BACKGROUND

In 2017, Joseph Davis asked his son, Cleve Davis, to coordinate with the Bureau of Indian Affairs to install a culvert across the Lincoln Creek lateral canal after receiving a right of way over the land. *Compl.*, Dkt. 1. Cleve Davis contacted a BIA official on the Fort Hall Irrigation Project, Timothy Gardner, to ask about

MEMORANDUM DECISION AND ORDER - 1

installing a crossing. *Id.* Mr. Gardner advised that the Davises could not install the culvert themselves but could purchase a culvert and the BIA would install it. *Id.* Mr. Gardner then recommended that Cleve Davis purchase a 24-inch culvert, which he believed was the same size as other culverts along the creek. *Id.* The Davises bought the 24-inch culvert, and the BIA installed it that winter. *Id.*

Once installed, it was clear that the 24-inch culvert was insufficient to handle the flow from the creek. *Id.* The creek repeatedly overflowed, causing damage to the road, making it unsafe and unusable. *Id.* After investigating the culverts upstream from their crossing, the Davises discovered that the other crossings had 36-inch culverts which could handle the creek flow. *Id.* The Davises contacted the BIA to replace the 24-inch culvert with a 36-inch culvert and repair the damage to the road. *Id.* BIA refused. *Id.* Accordingly, Joseph Davis filed a claim with the BIA, which was denied in March 2024. *Id.* Following that denial, Cleve and Jospeh Davis filed the present action against three individual BIA employees alleging they were negligent in advising them to purchase a 24-inch culvert.

## LEGAL STANDARD

The United States moves to dismiss the plaintiffs' complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6).

### A. Rule 12(b)(5)

Federal Rule of Civil Procedure 4 requires a plaintiff to serve a copy of the summons and complaint on each defendant. Fed. R. Civ. P. 4(c). If a plaintiff fails to properly serve a defendant, that defendant may allege insufficient service of process by motion or in their answer. Fed. R. Civ. P. 12(b)(5). When a defendant challenges the sufficiency of service, the plaintiff bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). When service is defective, the Court "must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### B. Rule 12(b)(1) and 12(b)(6)

Where a motion presents both jurisdictional and merits challenges, the court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). A complaint must be dismissed on a Rule 12(b)(1) motion if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack on subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004). In contrast, a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Likewise, on a Rule 12(b)(6) motion, the Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]he court accepts the facts alleged in the Complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

## ANALYSIS

The Court will first address the United States' argument that the plaintiffs failed to properly serve a copy of the summons before turning to its arguments that

the Court lacks subject matter jurisdiction over the claim.[1]

### A.    Failure to Properly Serve the United States

The United States argues that the Complaint must be dismissed because it has not been properly served as a defendant. When a defendant challenges the sufficiency of service, plaintiffs bear the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *Brockmeyer*, 383 F.3d at 801.

In June 2024, the Court extended the deadline for the plaintiffs to serve the defendants because plaintiffs had not fully complied with Federal Rule of Civil Procedure 4. *Order*, Dkt. 5. Plaintiffs proceeded by filing a certificate of service indicating that the US Attorney for the District of Idaho and the Attorney General were served by certified mail. Dkt. 6. The United States now claims that the Plaintiffs failed to serve a summons on the United States as required by Rule 4. *See* Fed. R. Civ. P. 4(i); *Widdison Decl.* at 2–3, Dkt. 9-2. This claim appears consistent with the record, which shows that summons was issued and returned for the three individual defendants, but not the United States. Accordingly, plaintiffs have not properly served the United States as required by Rule 4. That said, this defect in

---

[1] The Court will not address any of the United States's arguments relating to the Administrative Procedure Act or Indian Reorganization Act, as the plaintiffs confirmed they do not bring any claim under either act. *Response* at 7, Dkt. 13.

**MEMORANDUM DECISION AND ORDER - 5**

service could be cured by granting additional time to properly serve the United States. *See* Fed. R. Civ. P. 4(m) (when a plaintiff fails to properly serve defendants, the Court "must dismiss the action without prejudice or order that service be made within a specified time.").

### B. Subject Matter Jurisdiction

Turning to the United States' next argument, it claims the Court lacks subject matter jurisdiction over the plaintiffs' claims. Subject matter jurisdiction "refers to 'the courts' statutory or constitutional power to adjudicate a case." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)). Accordingly, "when a federal court. . . lacks subject matter jurisdiction, the court must dismiss the complaint." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir. 2012) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The plaintiffs' claims are brought pursuant to the Federal Tort Claims Act, or FTCA for short, which is the exclusive remedy for claims "arising from torts committed by federal employees." *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)). Any claim under the FTCA must be brought against the United States, not the individual federal employees. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Additionally, there are

**MEMORANDUM DECISION AND ORDER - 6**

several requirements plaintiffs must meet before they may file a claim and the Act limits the types of claims they may bring. *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). The United States claims the Court lacks subject matter jurisdiction on several bases. First, that the Court has no jurisdiction over any claims against the individual defendants. Second, even if the United States were properly named as the defendant, Cleve Davis did not file an administrative claim before filing this action. And, finally, the plaintiffs' claims are excepted from the Federal Tort Claims Act's waiver of sovereign immunity. The Court will address each argument in turn.

### 1. The United States is the Proper Defendant

Plaintiffs have brought their claims against three individual federal employees—Bryan K. Mercier, David Bollinger, and Timothy Gardner—alleging the employees acted negligently within the scope of their employment. *Compl.*, Dkt. 1. As the United States has pointed out, "[t]he United States is the only proper defendant in an FTCA action." *Lance*, 70 F.3d at 1095. The Court has no jurisdiction over any claim against the three individuals and the Complaint must be dismissed for lack of subject matter jurisdiction. That said, it is obvious that the plaintiffs could properly invoke subject matter jurisdiction by amending the Complaint to list the United States as the defendant.

**MEMORANDUM DECISION AND ORDER - 7**

## 2. Cleve Davis Did Not Timely File an Administrative Claim.

The United States argues that any claim brought by Cleve Davis must be dismissed because he did not file an administrative claim with the appropriate federal agency before filing this action. The FTCA provides that before any claim may brought under the Act, a plaintiff must "first present[ ] the claim to the appropriate Federal agency" and that claim must have been denied. 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional. *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Here, Cleve Davis only filed his administrative claim in October 2024, after filing this complaint. *See* Pl.'s Ex. 2, Dkt. 13.[2] The exhaustion requirement in the FTCA not only requires that a plaintiff file a claim with the appropriate federal agency, but also that the agency *deny* that claim. Cleve Davis' claim has not been denied, so this Court lacks subject matter jurisdiction over his claim. Accordingly, the claim brought by Cleve Davis are dismissed for lack of subject matter jurisdiction.

## 3. Sovereign Immunity

The United States also argues the Court lacks subject matter jurisdiction

---

[2] The Court may consider material beyond the Complaint because the United States has brought a factual challenge to the Court's subject matter jurisdiction as to Cleve Davis' claim. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (2004).

**MEMORANDUM DECISION AND ORDER - 8**

over the plaintiffs' claims because they are excepted from the FTCA's waiver of sovereign immunity. "The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees." *Foster*, 522 F.3d at 1074. Certain categories of claims, however, are exempt from that waiver of sovereign immunity, including for claims arising from discretionary functions and misrepresentations. *Id*; 28 U.S.C. § 2680(a), (h). The Court will address the applicability of each exception in turn.

      *a.* Discretionary Function

The discretionary function exception "insulate[s] certain governmental decision-making from judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of a tort action." *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (cleaned up). More specifically it excepts claims against the United States "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the party of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To determine the applicability of this exception, the Court proceeds in two steps. First, it "must determine whether the challenged actions involve an 'element of judgment or choice.'" *Terbush*, 516 F.3d at 1129 (quoting *United*

**MEMORANDUM DECISION AND ORDER - 9**

*States v. Gaubert*, 499 U.S. 315, 322 (1991)). If so, the Court considers "whether that judgment is of the kind that the discretionary function exception was designed to shield,' namely, 'only governmental actions and decisions based on considerations of public policy.'" *Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)).

The plaintiffs appear to concede that the first prong of this test is met, and the Court agrees. "This [first] inquiry looks at the 'nature of the conduct . . .' and . . . is not met where 'a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow.'" *Id.* (quoting *Berkovitz*, 486 U.S. at 536). When there is no proscribed course of conduct, then "an element of choice or judgment is likely involved." *Id.* That is the case here. The action involved was advising which size culvert the plaintiff should purchase to create a creek crossing. There is no mandatory policy dictating the proper size culvert to use. That determination necessarily involved an element of judgment or choice. The only dispute, therefore, is whether the judgment is the kind the exception was designed to shield.

The second prong of this analysis considers whether the conduct is based upon public policy considerations. *Id.* "Public policy has been understood to include decisions grounded in social, second, or political policy." *Id*. The focus of

**MEMORANDUM DECISION AND ORDER - 10**

this inquiry is "on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. "It is insufficient therefore for the government to show merely that some choice was involved in the decision-making process. The balancing of policy considerations is a necessary prerequisite." *Myers v. United States*, 652 F.3d 1021, 1031 (9th Cir. 2011) (cleaned up).

      Here, the United States claims that determining the appropriate size culvert involves policy considerations including "(1) timely and equitable water access, (2) crop damage or loss, (3) water waste, and (4) flood control." *Motion* at 7, Dkt. 9 (quoting *Harmon v. United States*, No. 4:15-cv-173, 2017 WL 2543297, at *5 (D. Idaho June 12, 2017)). In *Harmon*, the plaintiff alleged that "BIA failed to properly regulate water deliveries on the Fort Hall Irrigation Project to users who improperly operated or maintained their private ditches or headgates." *Id.* at *3. The government, however, has failed to explain how determining the size of a culvert requires weighing these policy considerations in the same way that the regulation of water deliveries did. The mere fact that *Harmon* and the present case involve decisions regarding the Fort Hall Irrigation Project, does not necessarily mean every decision about the project is "susceptible to a policy analysis." *Chadd v. United States*, 794 F.3d 1104, 1109 (9th Cir. 2015). Indeed, it is not enough

**MEMORANDUM DECISION AND ORDER - 11**

simply to invoke these policy considerations without connecting them to the conduct at issue here. At this time, the Court cannot conclude that the decision as to the proper size culvert is one the discretionary function exception was designed to protect and, therefore, the exception does not bar the Davises claim.

          *b.*  Misrepresentation

The government also argues that the exception for misrepresentation bars the plaintiffs' claims. Like the discretionary function exception, the FTCA does not waive sovereign immunity for claims "arising out of. . . misrepresentation." 28 U.S.C. § 2680(h). "The Supreme Court has held that 'the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies.'" *Abbey v. United States*, 112 F.4th 1141, 1146 (9th Cir. 2024) (quoting *Block v. Neal*, 460 U.S. 289, 296 (1983)). It does not matter that the Davises do not allege a claim for misrepresentation because the FTCA bars any claim "arising out of" misrepresentation. 28 U.S.C. § 2680(h). A claim arises out of misrepresentation if "the government's misrepresentation constitutes the 'essence' or 'gravamen' of the plaintiff's complaint." *Abbey*, 112 F.4th at 1146 (quoting *Esquivel v. United States*, 21 F.4th 565, 578 (9th Cir. 2021)). In contrast, if the misrepresentation is merely "collateral to the gravamen of the complaint," § 2680(h) is not a bar. *Esquivel*, 21 F.4th at

578. To make this determination, courts must "look[ ] beyond the labels and evaluate the conduct on which the claim is based." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019).

The Davises' negligence claim clearly arises out of misrepresentation because the claim is based on Mr. Gardner's statement regarding the appropriate size culvert. By the Davises' own account, the gravamen of the complaint is that "BIA's recommendation and implementation of an undersized culvert, based on Gardner's guidance, constitutes negligence." *Compl.*, Dkt. 1. The alleged misrepresentation, that a 24-inch culvert was appropriate, is "within the chain of causative events upon which plaintiff's claim is founded, and thus within the misrepresentation exception." *Esquivel*, 21 F.4th at 478 (finding misrepresentation exception barred claim where federal employee intentionally made false statement to plaintiff that he would protect the plaintiff's land from burning). Accordingly, the plaintiffs' claim is barred by the misrepresentation exception to the FTCA.

C. **Leave to Amend**

Regardless of whether of a party makes a request, "[a] district court should grant leave to amend. . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Undoubtedly, some of

**MEMORANDUM DECISION AND ORDER - 13**

the defects identified by the United States could be cured with additional time or leave to amend. Nonetheless, the Court finds that amendment would be futile because "sovereign immunity is a jurisdictional bar." *Kelleher v. Federal Deposit Corp.*, No. CV 10-03766 MMM (AJWx), 2011 WL 13216976, at *8 (C.D. Cal. Feb. 11, 2011). The plaintiffs' claims are tied so explicitly to the alleged misrepresentation that it seems there would be no way for the plaintiffs to reallege their claim without running into the misrepresentation exception. Accordingly, the Court will dismiss the Complaint without leave to amend.

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (quoting *Black v. Payne*, 591 F.2d 83, 86 (9th Cir. 1979)). That general rule does not apply to claims under the FTCA because "the bar of sovereign immunity is absolute: no other court has the power to hear the case." *Id*. Accordingly, because the plaintiffs' claim is barred by sovereign immunity, the Complaint is dismissed with prejudice.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED**.

**MEMORANDUM DECISION AND ORDER - 14**


DATED: February 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge